**General Civil and Domestic Relations Case Filing Information Form**

⊞ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

☐ **Superior** or ☑ **State Court of** _Bibb_          **County** **20-SCCV-091825**
SFI

**SEP 10, 2020 04:13 PM**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 09-10-2020 | **Case Number** 20-SCCV-091825 |
| **MM-DD-YYYY** | |

*Patricia M. Graves-Clerk of State Court*
*Bibb County, Georgia*

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DENSLEY, TREVOR | | | | | CALDWELL, BENNIE | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | STONE, REBECCA | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | CS TRANSPORT, INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | NATIONWIDE INSURANCE COMPANY OF AMERICA | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Sedghi, Reza          **Bar Number** 634077          **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 10, 2020 04:13 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | |
| | ] | _____ |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff TREVOR DENSLEY, in the above-styled action and file this

Complaint for Damages against BENNIE CALDWELL, REBECCA STONE, CS TRANSPORT,

INC., NATIONWIDE INSURANCE COMPANY OF AMERICA, JOHN DOE, and JOHN DOE,

INC. Defendants in the above-styled action, by showing this Honorable Court the following as

their Complaint:

### I.      PARTIES, JURISDICTION AND VENUE

1.

Plaintiff TREVOR DENSLEY is a resident and citizen of Georgia.

2.

Defendant BENNIE CALDWELL is a citizen and resident of Ashland, Franklin County,

Alabama.   Pursuant to the Georgia Long Arm Statute, Defendant Caldwell is subject to the

jurisdiction of this Court. Defendant may also be subject to the jurisdiction of this Court pursuant to

the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1. Defendant may be served pursuant to O.C.G.A. § 40-12-1.

3.

Defendant REBECCA STONE is a citizen and resident of Ashland, Franklin County, Alabama. Pursuant to the Georgia Long Arm Statute, Defendant Stone is subject to the jurisdiction of this Court. Defendant Stone may be served with process by personally serving him at 2332 Taylor Road, Ashland, Alabama 36251, Franklin County.

4.

Defendant CS TRANSPORT, INC. is a foreign corporation organized and existing under the laws of Alabama with its principal place of business located at 55 Lealander Road, Daviston, Alabama 36256, Tallapoosa County.  Said Defendant is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 46-7-17, by virtue of the facts shown hereinbelow, and as a joint tortfeasor. Defendant CS TRANSPORT, INC. may be served with this Complaint through its registered agent for service as follows: Ben Willis, as Registered Agent for, CS Transport, Inc., 55 Lealander Road, Daviston, Alabama 36256, Tallapoosa County.

5.

Defendant NATIONWIDE INSURANCE COMPANY OF AMERICA is a foreign insurance company organized and existing under the laws of Ohio with its principal place of business located at 1100 Locust Street, Des Moines, Iowa, 50391-1100.  Nationwide Insurance Company Of America may be served with legal process by serving its registered agent for service as follows: Corporation Service Company, 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

6.

Nationwide Insurance Company of America transacts business in the State of Georgia including Bibb County, Georgia.

7.

John Doe and John Doe, Inc. are unknown entities which are subject to the jurisdiction and venue of this Court.

8.

Defendants are subject to the jurisdiction and venue of this Court pursuant to Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9-10-91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40-1-117(b), O.C.G.A. § 40-12-3 and other applicable law.

9.

Defendant Nationwide Insurance Company of America provided liability insurance coverage to Defendant Bennie Caldwell, Defendant Rebecca Stone, and Defendant CS Transport, Inc.  for this collision under Policy Number LFO0003495.

10.

Defendant Nationwide Insurance Company of America insures Defendant Bennie Caldwell. Accordingly, Plaintiff has a direct action against Nationwide Insurance Company of America pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140(d)(4).

11.

Venue for this action lies within Bibb County, Georgia since the wreck happened in Bibb County.

12.

This court has subject matter jurisdiction and venue over the claims asserted in this Complaint.

## II. <u>FACTS SUPPORTING CAUSES OF ACTION</u>

13.

At approximately 13:25 on August 9, 2019, Defendant Bennie Caldwell ("Defendant Caldwell") was operating a tractor-trailer eastbound on Avondale Mill Road in Macon, Georgia.

14.

At the time, Defendant Caldwell may have been an agent and/or employee of and was acting in the course and scope of his employment and in furtherance of the business of Defendant CS Transport Inc.

15.

At the time, Defendant Caldwell may have been an agent and/or employee of and was acting in the course and scope of his employment and in furtherance of the business of Defendant Rebecca Stone.

16.

At the time, Defendant Caldwell may not have been an agent and/or employee of and was acting in the course and scope of his employment and in furtherance of the business of Defendant Rebecca Stone or CS Transport, Inc.  Defendant Nationwide Insurance Company of America insures Defendant Caldwell and furthermore is also liable for the injuries to Plaintiff Densley.

17.

On August 9, 2019, Plaintiff Trevor Densley ("Plaintiff Densley") was operating his motor vehicle in a careful, prudent, and lawful manner on Avondale Mill Road in Macon, Bibb County, Georgia.

18.

Plaintiff Densley was behind Defendant Caldwell when suddenly and without warning, Defendant Caldwell, began to improperly back.

19.

Plaintiff Densley sustained both physical and emotional injuries as a proximate result of the collision.

20.

Plaintiff Densley was an innocent victim who in no way contributed to causing the collision or any injury to himself on August 9, 2019.

21.

Plaintiff Densley did nothing to contribute to his own injuries.

22.

As a direct and proximate result of the aforementioned collision, Plaintiff Densley has suffered and continues to suffer damages including, but not limited to, medical expenses, lost wages, personal injuries, and past, present, and future pain and suffering for which Defendant Caldwell is liable.

23.

The collision was caused by the negligence of Defendant Caldwell, Defendant Stone, and Defendant CS Transport, Inc, which are liable.

24.

The collision was foreseeable to each of the Defendants and could have been avoided had said Defendants acted in a safe and prudent manner as required by Georgia law and in accordance with the standards required of commercial truck drivers and motor carriers.

25.

On August 9, 2019, Defendant Nationwide Insurance Company of America Policy Number LFO0003495 was in force and covered Defendant Caldwell, and Defendant CS Tranport, Inc. for their liability for the collision and injuries and damages caused thereby.

26.

Prior to, during, and after the wreck, Plaintiff Densley experienced shock, fright, and terror.

27.

Plaintiff Densley suffered severe and painful injuries to his body and mind as a result of the collision.

### III.  CAUSES OF ACTION
### Count One – Defendant Caldwell's Negligence & Negligence *Per Se*

28.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29.

Defendant Caldwell had a duty to operate his commercial vehicle in compliance with at least the following:

a.      the laws of the State of Georgia;

b.      the Federal Motor Carrier Safety Regulations;

c.      Trucking industry standards and guidelines governing the safe operation of a commercial motor vehicle;

d.      Corporate standards and guidelines imposed upon him by the motor carrier(s) for whom he was driving; and

e.       Reasonable care for a commercial truck driver under the circumstances.

30.

Defendant Caldwell breached the above-referenced duties in at least the following ways:

a.       Failing to maintain a proper lookout;

d.       Failing to yield the right of way to Plaintiff Densley;

e.       Failing to operate his commercial vehicle in a careful, prudent, and lawful manner;

f.       Violating the Georgia Uniform Rules of the Road including O.C.G.A. § 40-6-240 (Improper Backing), which constitutes negligence *per se*;

g.       Violating Federal Motor Carrier Safety Regulations, the violation of which constitutes negligence *per se*; and,

h.       Otherwise failing to adhere to trucking industry standards and guidelines governing the safe operation of commercial motor vehicles, corporate standards and guidelines governing the safe operation of commercial motor vehicles and reasonable prudence under the circumstances.

31.

As a direct and proximate result of the aforementioned negligent acts and omissions by Defendant Caldwell, the commercial vehicle operated by Defendant Caldwell collided with Plaintiff Densley's vehicle.

32.

As a direct and proximate result of the aforementioned negligent acts and omissions by Defendant Caldwell, Plaintiff Densley has sustained injuries and damages for which Defendant Caldwell is liable.

### Count Two –Defendant Rebecca Stone's Negligence & Negligence *Per Se*

33.

The collision and the injuries and damages to Plaintiff was the proximately caused by the acts of negligence of Defendant Caldwell which are imputable to Defendant Rebecca Stone pursuant to O.C.G.A. §51-2-2, because Defendant Stone is the owner of the vehicle and was negligent in the following particulars:

(a)     In negligently entrusting the operation of the vehicle involved in the subject collision to Defendant Caldwell because of his inexperience in driving which was or should have been known to Defendant Stone at the time of the incident complained of. Defendant Stone is therefore liable jointly and severally to Plaintiff for the damages which he sustained as a result of the negligence of said Defendants.

34.

The acts of negligence by Defendant were the proximate cause of the injuries and damages of the Plaintiff as hereinafter alleged.

35.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

### Count Three – *Respondeat Superior* Against Defendant CS Transport, Inc.

36.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

37.

At all times material hereto, Defendant Caldwell was acting within the course and scope of his employment and/or agency with Defendants Stone and CS Transport, Inc.. and was furthering the business interests of Defendant CS Transport, Inc.

38.

Defendant CS Transport, Inc. is liable under the doctrine of *respondeat superior* and the rules of agency for all injuries and damages to Plaintiff Densley caused by the tortious acts and omissions of Defendant Caldwell.

39.

As an employer and motor carrier, CS Transport, Inc. has certain duties and responsibilities under the Federal Motor Carrier Safety Regulations, Georgia law, trucking industry standards and practices, and its own corporate policies, standards, and practices regarding the hiring, training, entrusting, supervising, and retaining of Defendant Caldwell as well as duties to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicle.

40.

To the degree that the foregoing breaches of duties contributed to cause injuries and damages to Plaintiff Densley, Defendant is independently liable for the same.

41.

Defendant Caldwell and Defendant CS Transport, Inc. are liable to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustain by Plaintiff as a result of the negligence of Defendant Caldwell and Defendant CS Transport, Inc.

### Count Four — Direct Action Against Nationwide Insurance Company of America

42.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

43.

On August 9, 2019, Defendant CS Transport, Inc. had in place liability insurance policy, policy number LFO0003495, covering the 2013 Freightliner Cascadia 125 involved in the wreck and Defendant CS Transport, Inc.'s employees and/or agents, including Defendant Caldwell.

44.

Defendant Nationwide Insurance Company of America was transacting business in the State of Georgia and in Bibb County on the date of the subject wreck, and all material times hereto.

45.

Defendant Nationwide Insurance Company of America agreed to provide insurance coverage to Defendant Caldwell, and Defendant CS Transport, Inc. in consideration for the payment of insurance premiums.

46.

Plaintiff Densley as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the agreement between Defendant Nationwide Insurance Company of America, Defendants Caldwell, and Defendant CS Transport, Inc.

47.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant Nationwide Insurance Company of America is subject to this direct action.

48.

Plaintiff is entitled to receive payments from Defendant Nationwide Insurance Company of America for the tort liability of Defendant Caldwell, and Defendant CS Transport, Inc.

**Count Four - Joint and Several Liability**

49.

Plaintiff re-alleges and reincorporate by reference the allegations of the previous paragraphs of this Complaint for Damages as if fully set forth herein verbatim.

50.

Defendants jointly and concurrently committed tortuous acts and omissions.  Accordingly, all Defendants are jointly and severally liable to Plaintiff for the claims described herein.

**III.  DAMAGES**

51.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

52.

As a result of the negligence of the Defendants, independently, vicariously, and collectively as will be further developed through this action, Plaintiff Densley suffered physical and emotional injuries.

53.

As a direct and proximate result of the aforementioned negligent acts and omissions of the Defendants, Plaintiff Densley is entitled to recover special damages including, but not limited to medical expenses and lost wages, both past and future, in an amount to be proven at trial and in amounts that will be itemized by Amendment to this Complaint.

54.

As a direct and proximate result of the aforementioned negligent acts and omissions of the Defendants, Plaintiff Densley is entitled to recover general damages including, but not limited to physical and mental pain and suffering and disability to be determined by the enlightened conscience of a jury.

## IV.  PRAYER FOR RELIEF

55.

WHEREFORE Plaintiffs pray for the following relief:

a.  That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

b.  That service be had on the Defendants as provided by law;

c.  That the Court empanel a jury for trial of all issues in this case;

d.  That the Plaintiff be awarded all damages allowed by law for all claims set forth herein;

e.  That all costs and expenses of litigation be cast against the Defendants;

f.  That the Plaintiff be awarded for punitive damages;

g.  That the Court award any and all further relief as it deems appropriate and just under the circumstances of this case.

Respectfully submitted, this 10th day of September, 2020.

/s/ Reza Sedgi
Reza Sedghi
Georgia State Bar No. 634077

2870 Vineville Avenue
Macon, Georgia 31204
Telephone: 478-741-3770
Facsimile: 478-741-3771
sedghilaw@gmail.com

**SERVICE INSTRUCTIONS AS FOLLOWS:.**

**<u>DEFENDANT Bennie Caldwell</u>**
2332 Taylor Road
Ashland, Alabama 36251
Franklin County

**<u>DEFENDANT Rebecca Stone</u>**
**2332 Taylor Road**
**Ashland, Alabama 36251**
**Franklin County**

**<u>DEFENDANT CS Transport, Inc.</u>**
Ben Willis, as Registered Agent for
CS Transport, Inc.
55 Lealander Road

Daviston, Alabama 36256
Tallapoosa County

**DEFENDANT Nationwide Insurance Company of America**
Corporation Service Company, As Registered Agent for
Nationwide Insurance Company of America
40 Technology Parkway South, #300
Norcross, Georgia, 30092
Gwinnett County

## STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 30, 2020 09:13 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

CIVIL ACTION NUMBER  20-SCCV-091825

DENSLEY, TREVOR

**PLAINTIFF**

                                    **VS.**

CALDWELL, BENNIE
STONE, REBECCA
CS TRANSPORT, INC.
NATIONWIDE INSURANCE COMPANY
OF AMERICA
DOE, JOHN
JOHN DOE, INC.

**DEFENDANTS**

***************************************************************************************

SERVE ON:    Rebecca Stone
             2332 Taylor Road              CASE # 20-SCCV-091825
             Ashland, AL 36251

***************************************************************************************

### RETURN ON SERVICE

I, _Daniel van SlamBrauch_ , Special Process Server for VanSlam, Inc., confirm that on
_9/24/2020_   _11:55 am_  I served _Rebecca Stone_ _____
with the Summons, Complaint for Damages, Certificate of Service of Discovery Material, General Civil
and Domestic Relations Case Filing Information Form, Plaintiff's First Interrogatories to Rebecca Stone,
and Plaintiff's First Request For Production of Documents and Things to Rebecca Stone in the above-
noted case.

x_Rebecca L. Stone_         Daniel VanSlambrouck 205-675-8287
                           6200 Whippoorwill Dr Pinson, AL 35126

Process Server is not less than 19 years of
age, is not a party, and is not related within
the third degree by blood or marriage to the
party seeking service of process.

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 30, 2020 09:13 AM

*Patricia M. Graves, Clerk of State Court*
*Bibb County, Georgia*

CIVIL ACTION NUMBER __20-SCCV-091825__

DENSLEY, TREVOR
_____

**PLAINTIFF**

*VS.*

CALDWELL, BENNIE
STONE, REBECCA
CS TRANSPORT, INC.
NATIONWIDE INSURANCE COMPANY
OF AMERICA
DOE, JOHN
JOHN DOE, INC.
_____

**DEFENDANTS**

***********************************************************************************************

SERVE ON:    Bennie Caldwell
             2332 Taylor Road
             Ashland, AL 36251

CASE # 20-SCCV-091825

***********************************************************************************************

## RETURN ON SERVICE

I, _Daniel van Slambrouck_____, Special Process Server for VanSlam, Inc., confirm that on
_9/24/2020_  _11:55 am_ I served _Rebecca Stone for and on behalf of Bennie Caldwell_
with the Summons, Complaint for Damages, Certificate of Service of Discovery Material, General Civil
and Domestic Relations Case Filing Information Form, Plaintiff's First Interrogatories to Defendant Bennie
Caldwell, and Plaintiff's First Request For Production of Documents to Defendant Bennie Caldwell in the
above-noted case.

*Rebecca L. Stone*

Daniel VanSlambrouck 205-675-8287
6200 Whippoorwill Dr Pinson, AL 35126

Process Server is not less than 19 years of
age, is not a party, and is not related within
the third degree by blood or marriage to the
party seeking service of process.

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 10, 2020 04:13 PM

*Patricia M. Graves*
Patricia M. Graves Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | _____ |
| | ] | |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE   COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | | ] |
| Defendants. | ] | |

## PLAINTIFF'S FIRST INTERROGATORIES TO NATIONWIDE INSURANCE COMPANY OF AMERICA
### (Served Simultaneously with Complaint)

COMES NOW Plaintiff Trever Densley and files this his First Interrogatories to Defendant NATIONWIDE INSURANCE COMPANY OF AMERICA which must be answered fully, completely and under oath within forty-five (45) days of service, as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g. hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to,

correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of

each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means the collision between Bennie Caldwell driver for CS Transport INC., Nationwide Insurance Company of America, and Trevor Densley which occurred on August 9, 2019 in Bibb County, Georgia

5. "**You**," "**Your**," or "**NATIONWIDE INSURANCE COMPANY OF AMERICA**" means

Defendant Nationwide Insurance Company.

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state your interpretation you are using and reveal the nature of the information withheld.

7. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of

the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify any and all policies of insurance issued by Defendant Nationwide Insurance Company or any related or subsidiary thereof or any other entity that have coverages that apply or that may apply to the incident that forms the basis for the above-styled action to include policy numbers and types and limits of such coverage, including, but not limited to any automobile insurance policy applicable to the following vehicle:

- **2013 Freightliner Cascadia 125 VIN: 1FVXA700XDLBY3357**

### INTERROGATORY NO. 2

Please give the name, policy number and limits of liability coverage for the August 9, 2019 wreck of any insurance or bonding company which may be liable to satisfy part or all of any judgment entered against any defendant in the above-captioned action, or to indemnify or reimburse any of them for any payments made to satisfy any such judgment; and, state the contents of any such insurance or bonding agreement as to the limits of liability contained therein.

**INTERROGATORY NO. 3**

Please describe the nature of the relationship between Defendant Nationwide Insurance Company and Defendant Caldwell, including, but not limited to, whether Defendant Caldwell was a company driver, temporary driver, owner-operator or lease operator, or otherwise and describe who was Defendant Caldwell's employer, statutory or otherwise, on August 9, 2019, while he was operating the subject tractor involved in subject collision.

**INTERROGATORY NO. 4**

Please describe the business relationship existing on or prior to August 9, 2019, between you and any Defendant and any other entity or individual, and whether any written agreement including any insurance or indemnity agreement, existed with regard to the vehicle Defendant Caldwell was operating on August 9, 2019 and with regard to Defendant Caldwell.

**INTERROGATORY NO. 5**

Please identify any and all individuals so that they may be located who have knowledge of any facts or circumstances of the occurrence made the basis of this suit and, based on the best information you have available, please state the facts and/or circumstances that you believe to be within the knowledge of each such person.

**INTERROGATORY NO. 6**

Please "identify" each and every person, not previously identified, who, according to the best information you have available, you believe has knowledge of facts and circumstances relevant to this case including the Plaintiff's injuries and treatment.

**INTERROGATORY NO. 7**

Have you obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit? If so, please "identify" each such statement and/or report.

**INTERROGATORY NO. 8**

Do you have, or know of, any sketches, diagrams, photographs, motion pictures, maps, drawings, models, measurements, surveys, or other such matter having to do with the vehicles involved, the occurrence made the basis of this action or the scene of the occurrence? If so, please "identify."

**INTERROGATORY NO. 9**

Please "identify" any and all documentary or other tangible evidence, not previously identified, which, according to the best information you have available, you believe demonstrates and/or supports facts relevant to this case.

**INTERROGATORY NO. 10**

Do you contend Plaintiff acted in such a manner as to cause or contribute to the occurrence made the basis of this suit? If so, please set forth each and every fact upon which your contention is based.

**INTERROGATORY NO. 11**

Identify each and every person answering, or providing information for the answering, of these interrogatories. If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

**INTERROGATORY NO. 12**

State whether you have a copy of any statement which Plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.

**INTERROGATORY NO. 13**

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

**INTERROGATORY NO. 14**

If you contend or allege the vehicle named in Interrogatory No. 1 was/is not entitled to liability motorist coverage under any policy of insurance issued by you or any subsidiary or related entity to Plaintiff for their claims in this lawsuit, specifically set forth the basis of your contention, and identify each document relied upon by you to support that contention or allegation.

**INTERROGATORY NO. 15**

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary or related to the collision at issue, and identify the source(s) of your information supporting that indication or belief.

**INTERROGATORY NO. 16**

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary or related to the collision at issue, and identify the source(s) of your information supporting that indication or belief.

**INTERROGATORY NO. 17**

Do you dispute that the Defendant Densley's was an insured under your policy at the time of the collision made the basis of this lawsuit? If so, please set forth in detail the basis for your dispute, and identify any source(s) of information which supports your dispute.

**INTERROGATORY NO. 18**

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a)     Plaintiff (or any of Plaintiff's representatives);

(b)     Any law enforcement official; and

(c)     Any other person.

**INTERROGATORY NO. 19**

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to the subject collision. This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements,

deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

**INTERROGATORY NO. 20**

Please set forth in detail every fact or contention or opinion you allege supports any affirmative defense raised in your Answer to Plaintiff's Complaint.

Respectfully submitted, this 10th day of September, 2020.

/s/ Reza Sedghi
Reza Sedghi
Georgia State Bar No. 634077

2870 Vineville Avenue
Macon, Georgia 31204
Telephone: 478-741-3770
Facsimile: 478-741-3771
sedghilaw@gmail.com

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

☙ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL

SEP 10, 2020 04:13 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

| | |
|---|---|
| TREVOR DENSLEY,                  ] | |
|                                  ] | |
|     Plaintiff,                   ] | CIVIL ACTION NO. |
|                                  ] | |
| vs.                              ] | _____ |
|                                  ] | |
| BENNIE CALDWELL, REBECCA STONE, CS ] | |
| TRANSPORT, INC., NATIONWIDE       ] | |
| INSURANCE COMPANY OF AMERICA,     ] | |
| JOHN DOE, And JOHN DOE, Inc.      ] | |
|                                  ] | |
|     Defendants.                  ] | |
|                                  ] | |

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

This is to certify that I have on this day served the foregoing ***Plaintiff's First Interrogatories, and Plaintiff's First Request for Production of Documents to Defendant*** upon the following listed below via electronic transmission through Peach Court, email transmission and/or by placing a copy of the same in the United State Mail, in a properly stamped envelope with adequate postage thereon as follows:

**DEFENDANT Nationwide Insurance Company of America**
Corporation Service Company, As Registered Agent for
Nationwide Insurance Company of America
40 Technology Parkway South, #300
Norcross, Georgia, 30092
Gwinnett County

This 10th day of September, 2020.

/s/Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770 office

(478) 741-3770 fax
www.sedghilaw@gmail.com

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 10, 2020 04:13 PM

*signature*
Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

|                                                      |       |                  |
|------------------------------------------------------|-------|------------------|
| TREVOR DENSLEY,                                      | ]     |                  |
|                                                      | ]     |                  |
| Plaintiff,                                           | ]     | CIVIL ACTION NO. |
|                                                      | ]     |                  |
| vs.                                                  | ]     | _____  |
|                                                      | ]     |                  |
| BENNIE CALDWELL, REBECCA STONE, CS                   | ]     |                  |
| TRANSPORT, INC., NATIONWIDE                          | ]     |                  |
| INSURANCE COMPANY OF AMERICA,                        | ]     |                  |
| JOHN DOE, And JOHN DOE, Inc.                         | ]     |                  |
|                                                      | ]     |                  |
| Defendants.                                          | ]     |                  |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO CORPORATION SERVICE COMPANY AS REGISTERED AGENT FOR NATIONWIDE INSURANCE COMPANY OF AMERICA

TO:
Registered Agent, Corporation Service Company, for Nationwide Insurance
Company of America
40 Technology Parkway S
#300
Norcross, Georgia 30092
Gwinnett County

Pursuant to Official Code of Georgia Annotated §9-11-34(c), you are hereby requested to produce the following designated documents and things, and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy these documents and things, which constitute or contain matters within the scope of §9-11-26(b) of said law, and which are in your possession, custody and control.

**PERSONAL COMPLIANCE:** You are to produce the documents and things hereinbelow designated at 10:00 o'clock a.m. on the 45th day after service of this request upon you, in the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204.

**ALTERNATIVE COMPLIANCE BY MAIL ACCEPTABLE:** As an alternative to personally producing these things requested, at the time, date and place above specified, you may comply with this request by photocopying true, correct and genuine copies of such requested material and attaching these photocopies to your formal response to this request and serve same by mail addressed to the undersigned attorney at the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204, within forty-five (45) days from the date of service of these requests.

**CONTINUING DUTY TO SUPPLEMENT YOUR RESPONSE:** Should any documents or thing herein requested come into existence or become known to you or your

attorney subsequent to your receipt of these requests or subsequent to the inspection or other means or producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

DEFINITIONS: When used in this production request, the following terms have the meaning set out:

"Account", means a bank account, investment account, loan account, credit card account, or savings account.

"Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversation, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

"Defendant" or any synonym thereof is intended and shall embrace and include, in addition to the defendant to whom this request is directed, all agents, servants, representatives, attorneys, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant.

"Documents and Things" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however, produced or reproduced.

"Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department, or private company.

"You" or "yourself" refers to the defendant to whom this request is directed, its officers, directors, agents, representatives, accountants and attorneys, and others who may have or who may be able to obtain information on behalf of said defendant.

## THE DOCUMENTS AND THINGS REQUESTED ARE:

1.      **Insurance policies:** A full and complete **certified** copy of each and every insurance policy which does or might provide coverage to Defendants or its employees for the accident in question, including all endorsements or riders relating thereto, including, but not limited to, any and all liability coverage which covered said company, the subject driver, or the vehicle being driven by Defendant at the time of the collision, along with the application for such insurance.

**2.**     **Driving history:** All records pertaining to Defendant's driving history.

**3.**     **Vehicle title:** The title to the vehicle involved in the collision, or in lieu thereof, a photocopy of the same.

**4.**     **Background checks:** Certified copies of reports or results of any investigation by you into the driving background of Defendants.

**5.**     **Visual memoranda:** Any and all photographs, videotapes, or movies which you, your attorney, expert witness, investigator, insurance carrier, or other agent, representative, or employee has possession of or which is in the control of said person(s), which pertains to any facts relevant to any issue in this lawsuit, including liability and damages.

**6.**     **Policies and programs:** With respect to your policies and programs, you are requested to produce copies of the following documents and items:
   6.1.     Driver standards; and
   6.2.     Driver compensation.

**7.**     **Hiring policies:** All books, manuals, guidelines and other memoranda used from the date of Defendant's initial hire to the present in the administration or operation of Defendant CS Transport, Inc.'s fleet which outline the appropriate procedures, protocols, policies and standards of care for the hiring of truck drivers, including those containing the manner of inquiry into the driving history of such prospective employees, the effect of any negative findings, and the factors which would render any such prospective employee unsuitable for employment.

**8.**     **Training procedures:** All documents describing the appropriate training procedures, training classes, or other training methods used by Defendant CS Transport, Inc.in the training of truck drivers, as well as any such documents used or compiled during the training of Defendant Caldwell.

**9.**     **Visual memoranda:**  All diagrams, maps, drawings, photographs, videotapes or movies which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**10.**     **Statements:** All statements of anyone having knowledge of this accident, whether written or oral, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**11.**     **Physical and expert memoranda:** All reports, diagrams, models, charts, test results, records, graphs, and notes pertaining to facts relevant to any issue in this lawsuit, including, but not limited to, those of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work

product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness.

**12.      Investigative reports**: All investigative reports, evaluations or other documents or communications, in writing, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**13.      Qualifications of expert**: A current curriculum vitae of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness, as well as a list as to each of every article, treatise, text, or published writing authored or contributed to by such expert, identifying same by title, volume, page number, and date of publication.

**14.      Memoranda**: All notes, memos, or other writings prepared or maintained by you or your subject driver concerning the vehicle involved in the subject collision, including, but not limited to, maintenance requests, files, personal files, and diaries.

**15.      Safety program records**: All records relating to any safety program which Defendant requires its drivers to participate in for a period of five years immediately preceding the subject collision.

**16.      Maintenance records**: Any and all maintenance records, papers, repair records, data bases, and papers regarding replacement of any and all parts replaced or repaired on the vehicle involved in the subject collision; this includes checks, purchase orders, or any other papers reflecting repair or replacement of parts and inspection information prior to the subject collision.

**17.      Claims memoranda**: Copies of all claims made by you or against you, or to any insurance company on your behalf, as to any property, including the subject vehicle and the cargo it was carrying, involved in the subject collision.

**18.      Employment and personnel file**: All records pertaining to Defendant Caldwell, however denominated by you, including her complete employment and personnel file.

This 10th day of
September, 2020.

/s/ Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770 office
(478) 741-3770 fax

www.sedghilaw@gmail.com

Civil Action No.

Filed

Attorney's Address: Reza Sedghi

**State Court GEORGIA,**

**BIBB COUNTY**

28_____ 2870 Vineville Avenue
Macon, Georgia 31204

Telephone: (478) 741-3770

TREVOR DENSLEY

**Plaintiff**

VS.

Name and Address of Party to be Served

BENNIE CALDWELL, ET AL

Corporation Service Company, As Registered Agent for, NATIONWIDE
INSURANCE COMPANY OF AMERICA
40 Technology Parkway South, #300
Norcross, Georgia 30092
Gwinnett County

## ENTRY OF SERVICE

**Garnishee**

**GARNISHEE**

☐  I have this day served the Garnishee _____ by leaving a copy of the
within action and summons with _____.

**PERSONAL**

☐  I have this day served the Defendant **Complaint** personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the Defendant _____ by leaving a copy of the
action and summons at his most notorious place of abode in this County.

☐  Delivered same into hands of _____ described as follows age,
about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of Defendant.

**CORPORATION**

☐  Served the Defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of
the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United
☐  State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.
**NON-EST**

Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

This ____ day of _____, _____   BY: _____ ,Process Server
_____ COUNTY, GEORGIA

DOCKET _____ PAGE _____

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
**SEP 10, 2020 04:13 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | |
| | ] | _____ |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE  COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |
| _____ | ] | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO REBECCA STONE

To: Rebecca Stone


Pursuant to Official Code of Georgia Annotated §9-11-34(c), you are hereby requested to produce the following designated documents and things, and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy these documents and things, which constitute or contain matters within the scope of §9-11-26(b) of said law, and which are in your possession, custody and control.

**PERSONAL COMPLIANCE:** You are to produce the documents and things hereinbelow designated at 10:00 o'clock a.m. on the 45th day after service of this request upon you, in the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204.

**ALTERNATIVE COMPLIANCE BY MAIL ACCEPTABLE:** As an alternative to personally producing these things requested, at the time, date and place above specified, you may comply with this request by photocopying true, correct and genuine copies of such requested material and attaching these photocopies to your formal response to this request and serve same by mail addressed to the undersigned attorney at the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204, within forty-five (45) days from the date of service of these requests.

**CONTINUING DUTY TO SUPPLEMENT YOUR RESPONSE**:  Should any documents or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of these requests or subsequent to the inspection or other

means or producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

**DEFINITIONS:** When used in this production request, the following terms have the meaning set out:

"**Account**", means a bank account, investment account, loan account, credit card account, or savings account.

"**Communication**" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversation, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

"**Defendant**" or any synonym thereof is intended and shall embrace and include, in addition to the defendant to whom this request is directed, all agents, servants, representatives, attorneys, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant.

"**Documents and Things**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however, produced or reproduced.

"**Person**" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department, or private company.

"**You**" or "**yourself**" refers to the defendant to whom this request is directed, its officers, directors, agents, representatives, accountants and attorneys, and others who may have or who may be able to obtain information on behalf of said defendant.

## THE DOCUMENTS AND THINGS REQUESTED ARE:

1.      **Insurance policies:** A full and complete **certified** copy of each and every insurance policy which does or might provide coverage to Plaintiff or its employees for the accident in question, including all endorsements or riders relating thereto, including, but not limited to, any and all liability coverage which covered said company, the subject driver, or the vehicle being driven by Plaintiff at the time of the collision, along with the application for such insurance.

2.      **Driving history**: All records pertaining to Plaintiff's driving history.

**3.     Vehicle title**: The title to the vehicle involved in the collision, or in lieu thereof, a photocopy of the same.

**4.     Background checks:** Certified copies of reports or results of any investigation by you into the driving background of Plaintiff.

**5.     Visual memoranda:** Any and all photographs, videotapes, or movies which you, your attorney, expert witness, investigator, insurance carrier, or other agent, representative, or employee has possession of or which is in the control of said person(s), which pertains to any facts relevant to any issue in this lawsuit, including liability and damages.

**6.     Policies and programs**: With respect to your policies and programs, you are requested to produce copies of the following documents and items:
6.1.   Driver standards; and
6.2.   Driver compensation.

**7.     Hiring policies**: All books, manuals, guidelines and other memoranda used from the date of Plaintiff's initial hire to the present in the administration or operation of Defendant Cs Transport, Inc.'s fleet which outline the appropriate procedures, protocols, policies and standards of care for the hiring of truck drivers, including those containing the manner of inquiry into the driving history of such prospective employees, the effect of any negative findings, and the factors which would render any such prospective employee unsuitable for employment.

**8.     Training procedures**: All documents describing the appropriate training procedures, training classes, or other training methods used by Defendant CS Transport, Inc.'s in the training of truck drivers, as well as any such documents used or compiled during the training of Defendant Caldwell.

**9.     Visual memoranda**:  All diagrams, maps, drawings, photographs, videotapes or movies which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**10.    Statements**: All statements of anyone having knowledge of this accident, whether written or oral, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**11.    Physical and expert memoranda**: All reports, diagrams, models, charts, test results, records, graphs, and notes pertaining to facts relevant to any issue in this lawsuit, including, but not limited to, those of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness.

**12.    Investigative reports**: All investigative reports, evaluations or other documents or communications, in writing, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**13.    Qualifications of expert**: A current curriculum vitae of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness, as well as a list as to each of every article, treatise, text, or published writing authored or contributed to by such expert, identifying same by title, volume, page number, and date of publication.

**14.    Memoranda**: All notes, memos, or other writings prepared or maintained by you or your subject driver concerning the vehicle involved in the subject collision, including, but not limited to, maintenance requests, files, personal files, and diaries.

**15.    Safety program records**: All records relating to any safety program which Plaintiff requires its drivers to participate in for a period of five years immediately preceding the subject collision.

**16.    Maintenance records**: Any and all maintenance records, papers, repair records, data bases, and papers regarding replacement of any and all parts replaced or repaired on the vehicle involved in the subject collision; this includes checks, purchase orders, or any other papers reflecting repair or replacement of parts and inspection information prior to the subject collision.

**17.    Claims memoranda**: Copies of all claims made by you or against you, or to any insurance company on your behalf, as to any property, including the subject vehicle and the cargo it was carrying, involved in the subject collision.

**18.    Employment and personnel file**: All records pertaining to Defendant Guest, however denominated by you, including her complete employment and personnel file.

This 10th day of
September, 2020.

/s/ Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770 office
(478) 741-3770 fax
www.sedghilaw@gmail.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
**SEP 10, 2020 04:13 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | _____ |
| | ] | |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE  COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |
| _____ | ] | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
### Rebecca Stone
### (Served Simultaneously with Complaint)

COMES NOW Plaintiff Trevor Densley and files this his First Interrogatories to Defendant Rebecca Stone which must be answered fully, completely and under oath within forty-five (45) days of service, as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g. hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media),

tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

   (b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Incident**" means the collision between Bennie Caldwell, driver for CS Transport, INC., and Trevor Densley, which occurred on August 9, 2019 at or around in Bibb County, Georgia

5.  "**You**," "**Your**," or "**Rebecca Stone**" means Rebecca Stone.

6.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state your interpretation you are using and reveal the nature of the information withheld.

7.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for

documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORY NO. 1

Please identify any and all policies of insurance issued for Defendant Stone or any related or subsidiary thereof or any other entity that have coverages that apply or that may apply to the incident that forms the basis for the above-styled action to include policy numbers and types and limits of such coverage, including, but not limited to any automobile insurance policy applicable to the following vehicle:

- **2013 Freightliner Cascadia 125, VIN: 1FVXA700XDLBY3357 operated by Defendants at the time of the Subject Wreck.**

## INTERROGATORY NO. 2

Please give the name, policy number and limits of liability coverage for the August 9, 2019, wreck of any insurance or bonding company which may be liable to satisfy part or all of any judgment entered against any defendant in the above-captioned action, or to indemnify or reimburse any of them for any payments made to satisfy any such judgment; and, state the contents of any such insurance or bonding agreement as to the limits of liability contained therein.

## INTERROGATORY NO. 3

Please describe the nature of the relationship between Defendant Stone and Defendant Bennie Caldwell, including, but not limited to, whether Defendant Caldwell was a company driver, temporary driver, owner-operator or lease operator, or otherwise and describe who was Defendant Caldwell's employer, statutory or otherwise, on August 9, 2019, while he was operating the subject tractor involved in subject collision.

## INTERROGATORY NO. 4

Please describe the business relationship existing on or prior to August 9, 2019 between you and any Defendant and any other entity or individual, and whether any written agreement including any insurance or indemnity agreement, existed with regard to the vehicle Defendant Caldwell was operating on August 9, 2019, and with regard to Defendant Caldwell.

### INTERROGATORY NO. 5

Please identify any and all individuals so that they may be located who have knowledge of any facts or circumstances of the occurrence made the basis of this suit and, based on the best information you have available, please state the facts and/or circumstances that you believe to be within the knowledge of each such person.

### INTERROGATORY NO. 6

Please "identify" each and every person, not previously identified, who, according to the best information you have available, you believe has knowledge of facts and circumstances relevant to this case including the Plaintiff's injuries and treatment.

### INTERROGATORY NO. 7

Have you obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit? If so, please "identify" each such statement and/or report.

### INTERROGATORY NO. 8

Do you have, or know of, any sketches, diagrams, photographs, motion pictures, maps, drawings, models, measurements, surveys, or other such matter having to do with the vehicles involved, the occurrence made the basis of this action or the scene of the occurrence? If so, please "identify."

### INTERROGATORY NO. 9

Please "identify" any and all documentary or other tangible evidence, not previously identified, which, according to the best information you have available, you believe demonstrates and/or supports facts relevant to this case.

### INTERROGATORY NO. 10

Do you contend Plaintiff acted in such a manner as to cause or contribute to the occurrence made the basis of this suit? If so, please set forth each and every fact upon which your contention is based.

### INTERROGATORY NO. 11

Identify each and every person answering, or providing information for the answering, of these interrogatories. If more than one person has answered or provided

information, please indicate who has answered which questions and provided what information.

## INTERROGATORY NO. 12

State whether you have a copy of any statement which Plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.

## INTERROGATORY NO. 13

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

## INTERROGATORY NO. 14

If you contend or allege the vehicle named in Interrogatory No. 1 was/is not entitled to liability motorist coverage under any policy of insurance issued by you or any subsidiary or related entity to Plaintiff for their claims in this lawsuit, specifically set forth the basis of your contention, and identify each document relied upon by you to support that contention or allegation.

## INTERROGATORY NO. 15

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary or related to the collision at issue, and identify the source(s) of your information supporting that indication or belief.

## INTERROGATORY NO.  16

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary or related to the collision at issue, and identify the source(s) of your information supporting that indication or belief.

## INTERROGATORY NO. 17

Do you dispute that the Defendant Caldwell was an insured under your policy at the time of the collision made the basis of this lawsuit? If so, please set forth in detail the basis for your dispute, and identify any source(s) of information which supports your dispute.

**INTERROGATORY NO. 18**

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a)     Plaintiff (or any of Plaintiff's representatives);

(b)     Any law enforcement official; and

(c)     Any other person.

**INTERROGATORY NO. 19**

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to the subject collision. This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

**INTERROGATORY NO. 20**

Please set forth in detail every fact or contention or opinion you allege supports any affirmative defense raised in your Answer to Plaintiff's Complaint.

**INTERROGATORY NO. 21**

**Documents**: Identify each document which you know or believe to exist concerning this accident, and as to each summarize its contents.

**INTERROGATORY NO. 22**

**Visual and audio memoranda**: Identify each and every photograph, audiotape, videotape, sound recording, movie, film, map, diagram, or drawing which you know or believe to exist, describing each as to what it shows, when it was made, who made it and who has possession of it now, concerning either the accident, the accident site or how it happened, as well as any of the Plaintiffs, or anyone else having knowledge of this case, specifically including any photos, audio or video tapes made in the course of surveillance or investigation.

**INTERROGATORY NO. 23**

**Witnesses and other persons having knowledge of relevant information**: Identify all persons believed or known by you to have any knowledge or information concerning any aspect of this case, and as to each such person, summarize their knowledge of such facts.

**INTERROGATORY NO. 24**

**Expert witnesses to be called**: Identify each person whom you intend to call as expert witnesses at trial, and for each such expert specify:

the subject matter on which he or she is expected to testify;

    1.1.    the substance of the facts and opinions to which he or she is expected to testify; and

    1.2.    a summary of the grounds for each opinion to which he or she will testify.

## INTERROGATORY NO. 25

**Investigators**: Identify each person (including law enforcement officers, adjusters, private investigators and any others) who has conducted any investigation of the subject accident or of any person connected with it. As to each such investigator:

    1.3.    state the agency for whom each worked, and if a private agency, who employed that agency and investigator;

    1.4.    state what each did in conducting his or her investigation and what the subject of each investigation was; and

    1.5.    identify each document or recording generated by such investigation, stating the date, subject and who made it.

## INTERROGATORY NO. 26

**Whereabouts preceding collision**: State fully the point of departure for each trip, the route taken, the destination, what stops were made, and what cargo was picked up or discharged along the way, with the relevant times for each of Defendant Caldwell for twenty four hours prior to and on the date of this collision.

## INTERROGATORY NO. 27

**Description of collision**: Describe in reasonably complete detail your version of how this collision happened, stating the following matters specifically:

## INTERROGATORY NO. 28

**Acts of plaintiff**: With respect to plaintiff's state:

    1.6.    every act of negligence of plaintiff's which you contend caused or contributed to the accident;

    1.7.    every action that you contend plaintiff's should have taken to avoid the collision;

    1.8.    every law, statute, ordinance, or regulation which you contend plaintiff's violated.

## INTERROGATORY NO. 29

**Statements after occurrence**: Identify each and every statement (either written or oral) you gave to anyone, or took or received from any person who had information or knowledge relating to this matter; as to each such statement, summarize the contents thereof.

**INTERROGATORY NO. 30**

**Damage to truck**: Identify with particularity the damage done to the subject truck in the collision, stating what parts were damaged and exactly what repair work was done, what parts were repaired or replaced, and who did the repair work.

**INTERROGATORY NO. 31**

**Driving tests**: Please identify all driving tests which you are aware of Defendant Caldwell having taken in the ten years immediately preceding the accident, and state the following: the full name and address of the person or persons who administered any type of driving test (whether by the State or an employer), and who in any way checked driving record and abilities prior to allowing Defendant Caldwell to operate the vehicle in question.

**INTERROGATORY NO. 32**

**Prior Convictions**: Please state if you are aware of any prior convictions of, or pleaded guilty or nolo contendere to, or forfeited a bond as to any criminal offense, including traffic violations of Defendant Caldwell? If so, list:

    1.9.    the date of each such citation, conviction and plea;

    1.10.   the court, city, and state of each such conviction or plea;

    1.11.   the nature of the offense; and

    1.12.   the disposition of the charge including nolo contendere pleas and bond forfeitures.

**INTERROGATORY NO. 33**

**Other incidents involving driver**: State whether you are aware of any other motor vehicle collisions and incidents, other than the collision forming the basis of this lawsuit involving Defendant Caldwell. Please state whether involving one vehicle or more than one vehicle, and whether there was an injury or just property damage, and, if so, state as to each:

    1.13.   date and location;

1.14.   names of other drivers and injured parties;

1.15.   nature of injuries and amount of property damage;

1.16.   what happened to cause each such collision or incident;

1.17.   whether you were issued a citation as to each.;

1.18.   whether any civil lawsuits were filed or insurance claims were made.


Respectfully submitted, this 10th day of September, 2020.


/s/ Reza Sedghi
Reza Sedghi
Georgia State Bar No. 634077

2870 Vineville Avenue
Macon, Georgia 31204
Telephone: 478-741-3770
Facsimile: 478-741-3771
sedghilaw@gmail.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
**SEP 10, 2020 04:13 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | |
| | ] | _____ |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE   COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |

_____ ]

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO BEN WILLIS As Registered Agent for CS TRANSPORT, INC.

To: Ben Willis, As Registered Agent for CS Transport, Inc.

55 Lealander Road

Daviston, Alabama 36256

Pursuant to Official Code of Georgia Annotated §9-11-34(c), you are hereby requested to produce the following designated documents and things, and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy these documents and things, which constitute or contain matters within the scope of §9-11-26(b) of said law, and which are in your possession, custody and control.

**PERSONAL COMPLIANCE:** You are to produce the documents and things hereinbelow designated at 10:00 o'clock a.m. on the 45th day after service of this request upon you, in the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204.

**ALTERNATIVE COMPLIANCE BY MAIL ACCEPTABLE:** As an alternative to personally producing these things requested, at the time, date and place above specified, you may comply with this request by photocopying true, correct and genuine copies of such requested material and attaching these photocopies to your formal response to this request and serve same by mail addressed to the undersigned attorney at the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204, within forty-five (45) days from the date of service of these requests.

**CONTINUING DUTY TO SUPPLEMENT YOUR RESPONSE**:   Should any documents or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of these requests or subsequent to the inspection or other

means or producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

DEFINITIONS: When used in this production request, the following terms have the meaning set out:

"**Account**", means a bank account, investment account, loan account, credit card account, or savings account.

"**Communication**" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversation, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

"**Defendant**" or any synonym thereof is intended and shall embrace and include, in addition to the defendant to whom this request is directed, all agents, servants, representatives, attorneys, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant.

"**Documents and Things**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however, produced or reproduced.

"**Person**" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department, or private company.

"**You**" or "**yourself**" refers to the defendant to whom this request is directed, its officers, directors, agents, representatives, accountants and attorneys, and others who may have or who may be able to obtain information on behalf of said defendant.

## THE DOCUMENTS AND THINGS REQUESTED ARE:

1. **Insurance policies:** A full and complete **certified** copy of each and every insurance policy which does or might provide coverage to Plaintiff or its employees for the accident in question, including all endorsements or riders relating thereto, including, but not limited to, any and all liability coverage which covered said company, the subject driver, or the vehicle being driven by Plaintiff at the time of the collision, along with the application for such insurance.

2. **Driving history**: All records pertaining to Plaintiff's driving history.

**3.**      **Vehicle title**: The title to the vehicle involved in the collision, or in lieu thereof, a photocopy of the same.

**4.**      **Background checks:** Certified copies of reports or results of any investigation by you into the driving background of Plaintiff.

**5.**      **Visual memoranda:** Any and all photographs, videotapes, or movies which you, your attorney, expert witness, investigator, insurance carrier, or other agent, representative, or employee has possession of or which is in the control of said person(s), which pertains to any facts relevant to any issue in this lawsuit, including liability and damages.

**6.**      **Policies and programs**: With respect to your policies and programs, you are requested to produce copies of the following documents and items:
6.1.    Driver standards; and
6.2.    Driver compensation.

**7.**      **Hiring policies**: All books, manuals, guidelines and other memoranda used from the date of Plaintiff's initial hire to the present in the administration or operation of Defendant Cs Transport, Inc.'s fleet which outline the appropriate procedures, protocols, policies and standards of care for the hiring of truck drivers, including those containing the manner of inquiry into the driving history of such prospective employees, the effect of any negative findings, and the factors which would render any such prospective employee unsuitable for employment.

**8.**      **Training procedures**: All documents describing the appropriate training procedures, training classes, or other training methods used by Defendant CS Transport, Inc.'s in the training of truck drivers, as well as any such documents used or compiled during the training of Defendant Caldwell.

**9.**      **Visual memoranda**:  All diagrams, maps, drawings, photographs, videotapes or movies which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**10.**     **Statements**: All statements of anyone having knowledge of this accident, whether written or oral, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**11.**     **Physical and expert memoranda**: All reports, diagrams, models, charts, test results, records, graphs, and notes pertaining to facts relevant to any issue in this lawsuit, including, but not limited to, those of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness.

**12.** **Investigative reports**: All investigative reports, evaluations or other documents or communications, in writing, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

**13.** **Qualifications of expert**: A current curriculum vitae of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness, as well as a list as to each of every article, treatise, text, or published writing authored or contributed to by such expert, identifying same by title, volume, page number, and date of publication.

**14.** **Memoranda**: All notes, memos, or other writings prepared or maintained by you or your subject driver concerning the vehicle involved in the subject collision, including, but not limited to, maintenance requests, files, personal files, and diaries.

**15.** **Safety program records**: All records relating to any safety program which Plaintiff requires its drivers to participate in for a period of five years immediately preceding the subject collision.

**16.** **Maintenance records**: Any and all maintenance records, papers, repair records, data bases, and papers regarding replacement of any and all parts replaced or repaired on the vehicle involved in the subject collision; this includes checks, purchase orders, or any other papers reflecting repair or replacement of parts and inspection information prior to the subject collision.

**17.** **Claims memoranda**: Copies of all claims made by you or against you, or to any insurance company on your behalf, as to any property, including the subject vehicle and the cargo it was carrying, involved in the subject collision.

**18.** **Employment and personnel file**: All records pertaining to Defendant Guest, however denominated by you, including her complete employment and personnel file.

This 10th day of
September, 2020.

/s/ Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770 office
(478) 741-3770 fax
www.sedghilaw@gmail.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
**SEP 10, 2020 04:13 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | |
| | ] | _____ |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE   COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |
| _____ | ] | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## CS TRANSPORT, INC.
### (Served Simultaneously with Complaint)

COMES NOW Plaintiff Trevor Densley and files this his First Interrogatories to Defendant CS Transport, INC. which must be answered fully, completely and under oath within forty-five (45) days of service, as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g. hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media),

tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means the collision between Bennie Caldwell, driver for CS Transport, INC., and Trevor Densley, which occurred on August 9, 2019 at or around in Bibb County, Georgia

5. "**You**," "**Your**," or "**CS Transport, INC.**" means CS Transport, INC.

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state your interpretation you are using and reveal the nature of the information withheld.

7. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for

documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

**INTERROGATORY NO. 1**

Please identify any and all policies of insurance issued for Defendant CS Transport, Inc., or any related or subsidiary thereof or any other entity that have coverages that apply or that may apply to the incident that forms the basis for the above-styled action to include policy numbers and types and limits of such coverage, including, but not limited to any automobile insurance policy applicable to the following vehicle:

- **2013 Freightliner Cascadia 125, VIN: 1FVXA700XDLBY3357 operated by Defendants at the time of the Subject Wreck.**

**INTERROGATORY NO. 2**

Please give the name, policy number and limits of liability coverage for the August 9, 2019, wreck of any insurance or bonding company which may be liable to satisfy part or all of any judgment entered against any defendant in the above-captioned action, or to indemnify or reimburse any of them for any payments made to satisfy any such judgment; and, state the contents of any such insurance or bonding agreement as to the limits of liability contained therein.

**INTERROGATORY NO. 3**

Please describe the nature of the relationship between Defendant CS Transport, INC. and Defendant Bennie Caldwell, including, but not limited to, whether Defendant Caldwell was a company driver, temporary driver, owner-operator or lease operator, or otherwise and describe who was Defendant Caldwell's employer, statutory or otherwise, on August 9, 2019, while he was operating the subject tractor involved in subject collision.

**INTERROGATORY NO. 4**

Please describe the business relationship existing on or prior to August 9, 2019 between you and any Defendant and any other entity or individual, and whether any written agreement including any insurance or indemnity agreement, existed with regard to the vehicle Defendant Caldwell was operating on August 9, 2019, and with regard to Defendant Caldwell.

### INTERROGATORY NO. 5

Please identify any and all individuals so that they may be located who have knowledge of any facts or circumstances of the occurrence made the basis of this suit and, based on the best information you have available, please state the facts and/or circumstances that you believe to be within the knowledge of each such person.

### INTERROGATORY NO. 6

Please "identify" each and every person, not previously identified, who, according to the best information you have available, you believe has knowledge of facts and circumstances relevant to this case including the Plaintiff's injuries and treatment.

### INTERROGATORY NO. 7

Have you obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit? If so, please "identify" each such statement and/or report.

### INTERROGATORY NO. 8

Do you have, or know of, any sketches, diagrams, photographs, motion pictures, maps, drawings, models, measurements, surveys, or other such matter having to do with the vehicles involved, the occurrence made the basis of this action or the scene of the occurrence? If so, please "identify."

### INTERROGATORY NO. 9

Please "identify" any and all documentary or other tangible evidence, not previously identified, which, according to the best information you have available, you believe demonstrates and/or supports facts relevant to this case.

### INTERROGATORY NO. 10

Do you contend Plaintiff acted in such a manner as to cause or contribute to the occurrence made the basis of this suit? If so, please set forth each and every fact upon which your contention is based.

### INTERROGATORY NO. 11

Identify each and every person answering, or providing information for the answering, of these interrogatories. If more than one person has answered or provided

information, please indicate who has answered which questions and provided what information.

## INTERROGATORY NO. 12

State whether you have a copy of any statement which Plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.

## INTERROGATORY NO. 13

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

## INTERROGATORY NO. 14

If you contend or allege the vehicle named in Interrogatory No. 1 was/is not entitled to liability motorist coverage under any policy of insurance issued by you or any subsidiary or related entity to Plaintiff for their claims in this lawsuit, specifically set forth the basis of your contention, and identify each document relied upon by you to support that contention or allegation.

## INTERROGATORY NO. 15

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary or related to the collision at issue, and identify  the source(s) of your information supporting that indication or belief.

## INTERROGATORY NO.  16

Describe any information you have, or any reason you have, to believe Plaintiff Densley's medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary or related to the collision at issue, and identify the source(s) of your information supporting that indication or belief.

## INTERROGATORY NO. 17

Do you dispute that the Defendant Caldwell was an insured under your policy at the time of the collision made the basis of this lawsuit? If so, please set forth in detail the basis for your dispute, and identify any source(s) of information which supports your dispute.

**INTERROGATORY NO. 18**

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a)      Plaintiff (or any of Plaintiff's representatives);

(b)      Any law enforcement official; and

(c)      Any other person.

**INTERROGATORY NO. 19**

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to the subject collision. This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

**INTERROGATORY NO. 20**

Please set forth in detail every fact or contention or opinion you allege supports any affirmative defense raised in your Answer to Plaintiff's Complaint.

**INTERROGATORY NO. 21**

**Documents**: Identify each document which you know or believe to exist concerning this accident, and as to each summarize its contents.

**INTERROGATORY NO. 22**

**Visual and audio memoranda**: Identify each and every photograph, audiotape, videotape, sound recording, movie, film, map, diagram, or drawing which you know or believe to exist, describing each as to what it shows, when it was made, who made it and who has possession of it now, concerning either the accident, the accident site or how it happened, as well as any of the Plaintiffs, or anyone else having knowledge of this case, specifically including any photos, audio or video tapes made in the course of surveillance or investigation.

**INTERROGATORY NO. 23**

**Witnesses and other persons having knowledge of relevant information**: Identify all persons believed or known by you to have any knowledge or information concerning any aspect of this case, and as to each such person, summarize their knowledge of such facts.

**INTERROGATORY NO. 24**

**Expert witnesses to be called**: Identify each person whom you intend to call as expert witnesses at trial, and for each such expert specify:

the subject matter on which he or she is expected to testify;

1.1.   the substance of the facts and opinions to which he or she is expected to testify; and

1.2.   a summary of the grounds for each opinion to which he or she will testify.

**INTERROGATORY NO. 25**

**Investigators**: Identify each person (including law enforcement officers, adjusters, private investigators and any others) who has conducted any investigation of the subject accident or of any person connected with it. As to each such investigator:

1.3.   state the agency for whom each worked, and if a private agency, who employed that agency and investigator;

1.4.   state what each did in conducting his or her investigation and what the subject of each investigation was; and

1.5.   identify each document or recording generated by such investigation, stating the date, subject and who made it.

**INTERROGATORY NO. 26**

**Whereabouts preceding collision**: State fully the point of departure for each trip, the route taken, the destination, what stops were made, and what cargo was picked up or discharged along the way, with the relevant times for each of Defendant Caldwell for twenty four hours prior to and on the date of this collision.

**INTERROGATORY NO. 27**

**Description of collision**: Describe in reasonably complete detail your version of how this collision happened, stating the following matters specifically:

**INTERROGATORY NO. 28**

**Acts of plaintiff**: With respect to plaintiff's state:

1.6.   every act of negligence of plaintiff's which you contend caused or contributed to the accident;

1.7.   every action that you contend plaintiff's should have taken to avoid the collision;

1.8.   every law, statute, ordinance, or regulation which you contend plaintiff's violated.

**INTERROGATORY NO. 29**

**Statements after occurrence**: Identify each and every statement (either written or oral) you gave to anyone, or took or received from any person who had information or knowledge relating to this matter; as to each such statement, summarize the contents thereof.

**INTERROGATORY NO. 30**

**Damage to truck**: Identify with particularity the damage done to the subject truck in the collision, stating what parts were damaged and exactly what repair work was done, what parts were repaired or replaced, and who did the repair work.

**INTERROGATORY NO. 31**

**Driving tests**: Please identify all driving tests which you are aware of Defendant Caldwell having taken in the ten years immediately preceding the accident, and state the following: the full name and address of the person or persons who administered any type of driving test (whether by the State or an employer), and who in any way checked driving record and abilities prior to allowing Defendant Caldwell to operate the vehicle in question.

**INTERROGATORY NO. 32**

**Prior Convictions**: Please state if you are aware of any prior convictions of, or pleaded guilty or nolo contendere to, or forfeited a bond as to any criminal offense, including traffic violations of Defendant Caldwell? If so, list:

      1.9.    the date of each such citation, conviction and plea;

      1.10.   the court, city, and state of each such conviction or plea;

      1.11.   the nature of the offense; and

      1.12.   the disposition of the charge including nolo contendere pleas and bond forfeitures.

**INTERROGATORY NO. 33**

**Other incidents involving driver**: State whether you are aware of any other motor vehicle collisions and incidents, other than the collision forming the basis of this lawsuit involving Defendant Caldwell. Please state whether involving one vehicle or more than one vehicle, and whether there was an injury or just property damage, and, if so, state as to each:

      1.13.   date and location;

1.14.   names of other drivers and injured parties;

1.15.   nature of injuries and amount of property damage;

1.16.   what happened to cause each such collision or incident;

1.17.   whether you were issued a citation as to each.;

1.18.   whether any civil lawsuits were filed or insurance claims were made.


Respectfully submitted, this 10th day of September, 2020.


/s/ Reza Sedghi
Reza Sedghi
Georgia State Bar No. 634077

2870 Vineville Avenue
Macon, Georgia 31204
Telephone: 478-741-3770
Facsimile: 478-741-3771
sedghilaw@gmail.com

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
**SEP 10, 2020 04:13 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | _____ |
| | ] | |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT BENNIE CALDWELL

**COMES NOW,** Plaintiff in the above-styled action, and requires that the Defendant answer each of the following interrogatories under oath as provided by law, and a copy of the answers be furnished to Plaintiff's attorney, **Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204,** pursuant to the provisions of O.C.G.A. §9-11-33. These interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtains further information between the time answers are served and the time of trial. A response to these interrogatories should be served upon counsel for Plaintiff within thirty (30) days from service of Plaintiff's first interrogatories.

**NOTE A:**    When used in these interrogatories, the term "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said Defendant, all agents, servants, representatives, private

investigators and others who are in a position of obtaining or may have obtained information for or on behalf of the Defendant.

**NOTE B:**     The party to whom these interrogatories are directed is under a duty seasonably to supplement his or her responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony.  The party is under a further duty to seasonably amend a prior response if he or she obtains information upon the basis of which he or she knows the response was incorrect when made or he or she knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

### INTERROGATORY NO. 1

Please identify yourself fully, giving your full name, age, social security number, resident address and, if married, give the name of your spouse.

### INTERROGATORY NO. 2

Please state the name of your employer, your employment address, your particular job duties, the name of your immediate supervisor, and the length of your employment.

### INTERROGATORY NO. 3

If you have ever been convicted of a crime, please give for each such conviction, the date, the court, the offense, and the penalty imposed.

### INTERROGATORY NO. 4

How many automobile accidents have you been involved in, and please give a description of each.

**INTERROGATORY NO. 5**

Were you, on the date of the alleged occurrence, duly licensed to operate a motor vehicle?

**INTERROGATORY NO. 6**

If the answer to the preceding interrogatory is in the affirmative, kindly attach a copy of your operator's license to your response to these interrogatories.

**INTERROGATORY NO. 7**

At the time of the alleged occurrence, did you own any eyeglasses or other corrective lenses?  If at the time of the alleged occurrence you were not wearing your eyeglasses or corrective lenses, please explain in full detail why you were not.

**INTERROGATORY NO. 8**

Where had you been prior to the collision, where were you going at the time of the collision, and what time were you due to arrive at your destination?

**INTERROGATORY NO. 9**

Please state as of the time of the alleged occurrence where you had entered the motor vehicle and where you next intended to disembark from your vehicle.

**INTERROGATORY NO. 10**

At the time of the alleged occurrence, were you working?  If the answer is in the affirmative, state the particular job activity that you were involved in at the time.

## INTERROGATORY NO. 11

Please state the number of persons in the motor vehicle owned or operated by you at the time of the alleged occurrence, giving their full name, addresses, and telephone numbers.

## INTERROGATORY NO. 12

Please give the month, date, and year when you received your first driver's license.

## INTERROGATORY NO. 13

Have you given any statements about this collision, and if so, identify by name, address, and telephone number, the individual and/or company to whom this statement was given.

## INTERROGATORY NO. 14

Please state the names and addresses of all witnesses to the alleged occurrence.

## INTERROGATORY NO. 15

Have you ever been a Plaintiff or Defendant in any civil action or any form of civil litigation, and if so, please state the date, type of civil action and which court this civil action was filed.

## INTERROGATORY NO. 16

Did a collision occur between the Plaintiff's vehicle and the vehicle you were operating on the date stated in the Complaint for Damages?

## INTERROGATORY NO. 17

Please state in detail your version of how this collision occurred.

## INTERROGATORY NO. 18

What was done by you in the operation of your vehicle to avoid the collision?

## INTERROGATORY NO. 19

If you contend that the Plaintiff was negligent in the operation of his/her vehicle, state what the Plaintiff did that in your opinion was negligent.

### INTERROGATORY NO. 20

At the first moment you saw Plaintiff's vehicle was it stopped or moving?  If Plaintiff's vehicle was moving, what was its speed?

### INTERROGATORY NO. 21

Insofar as you could observe, was Plaintiff's vehicle damaged as a result of this collision; and if so, please describe the parts damaged.

### INTERROGATORY NO. 22

What was the speed of the vehicle which you were driving immediately prior to seeing Plaintiff's vehicle?

### INTERROGATORY NO. 23

How many feet from the Plaintiff were you when you first saw Plaintiff's vehicle?

### INTERROGATORY NO. 24

State the substance of every utterance made by or to you at the scene of the collision and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speakers identity.

### INTERROGATORY NO. 25

State whether you received a citation of any sort as a result of this collision, and if so, state the nature of same, the disposition made and the court involved.

### INTERROGATORY NO. 26

Please state whether any photographs were made of the scene of the occurrence complained of, or of any vehicle or other physical object involved in the occurrence complained of.  If so, please state the following:

(a)     The subject represented and all facts represented or shown;

(b)     The name, address and telephone number of the person having possession, custody or control thereof.

### INTERROGATORY NO. 27

Please state whether you were familiar with the general area where this collision occurred.

### INTERROGATORY NO. 28

What ownership, interest or title did you have in the vehicle you were operating at the time the collision occurred?

### INTERROGATORY NO. 29

If you were the servant, agent or employee of the owner of said vehicle, state the circumstances under which you were operating the vehicle at the time of the collision.

### INTERROGATORY NO. 30

With respect to the vehicle you were operating at the time of said collision, state the name, address and last known residence address of the registered owner, and legal owner if other than the registered owner as of the date of said collision.

### INTERROGATORY NO. 31

Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(a)     Name and address of the company;

(b)      Limits of liability coverage;

(c)      Policy number;

(d)      Named insured.

### INTERROGATORY NO. 32

State whether or not on the date of the collision the vehicle you were driving had any mechanical defects, and if so, the nature of same.

### INTERROGATORY NO. 33

Describe the damage done to your vehicle as a result of the collision, and state whether it was repaired.  If repaired, please give me the name of the person or company that repaired said vehicle and the total cost of said repair.

### INTERROGATORY NO. 34

State the name, address and current telephone number of any and all persons who, to your knowledge or belief, were eyewitnesses to the collision.

### INTERROGATORY NO. 35

State the name, address and current telephone number of any and all persons who, to your knowledge or belief, were present at the scene of this collision immediately after its occurrence and at any time within one (1) hour following.

### INTERROGATORY NO. 36

State the names, addresses and current telephone numbers of any and all persons who accompanied you during any part of your trip prior to this collision, up to the collision.

### INTERROGATORY NO. 37

State the names, address and current telephone numbers of all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

## INTERROGATORY NO. 38

State the names and addresses of any and all persons who, to your knowledge and belief, witnessed you consume any drug or alcoholic beverage within the twelve (12) hours period immediately preceding this collision.

## INTERROGATORY NO. 39

Please identify any and all persons you expect to call as expert witnesses in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his address and phone number.

## INTERROGATORY NO. 40

Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts or circumstances which bear on any of the issues in the captioned case.

## INTERROGATORY NO. 41

Please describe the condition of the road at the time and place of the alleged occurrence as to slipperiness, stating in your answer whether the pavement was not slippery, slightly slippery, slippery in spots, or otherwise.

## INTERROGATORY NO. 42

Please describe the condition of the roadway, whether it was icy, wet, or dry at the time and place of the alleged occurrence.

## INTERROGATORY NO. 43

Please state what, if any, traffic control signs, signals or devices you observed at the time of the occurrence, within five hundred (500) feet before you reached the place of the occurrence.

## INTERROGATORY NO. 44

Identify each and every individual or entity which you contend caused or contributed to the accident which is the subject of this litigation.

**INTERROGATORY NO. 45**

As to each, describe the factual situation which you contend caused or contributed to the subject accident.

This 10th day of September, 2020.

/s/Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770  Telephone
(478) 741-3771 Facsimile
www.sedghilaw@gmail.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**20-SCCV-091825**
SFL
SEP 10, 2020 04:13 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TREVOR DENSLEY, | ] | |
| | ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| vs. | ] | |
| | ] | _____ |
| BENNIE CALDWELL, REBECCA STONE, CS | ] | |
| TRANSPORT, INC., NATIONWIDE | ] | |
| INSURANCE COMPANY OF AMERICA, | ] | |
| JOHN DOE, And JOHN DOE, Inc. | ] | |
| | ] | |
| Defendants. | ] | |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BENNIE CALDWELL

**COMES NOW** the Plaintiff in the within and foregoing matter and serves upon you the following Request for Production of Documents under the provisions of rule 34 of the Georgia Civil Practice Act, O.C.G.A. §9-11-34. You are requested to produce the documents within thirty (30) days from the date of service of this request in the office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204. You are requested to produce and to permit us to inspect and copy each of the following:

### REQUEST NO. 1

A copy of Defendant's driver's license.

### REQUEST NO. 2

A copy of the title to the vehicle the Defendant was driving at the time in question.

### REQUEST NO. 3

Any and all photographs in your possession of the vehicle, the parties or the scene in question following the collision.

### REQUEST NO. 4

Names and addresses, together with any and all expert reports, which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

### REQUEST NO. 5

A copy of any damage estimate appraisal(s) of the Defendant's vehicle.

### REQUEST NO. 6

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment including, but not limited to, any liability insurance policy covering defendant or the automobile being driven by defendant at the time in question.

### REQUEST NO. 7

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**REQUEST NO. 8**

Any and all drawings, maps, or sketches of the scene of the accident which have been made the basis of this lawsuit.

**REQUEST NO. 9**

A list of the names and addresses of any witness with knowledge of the facts relating to this action.

**REQUEST NO. 10**

Copies of all medical records regarding Plaintiff's treatment for diseases or injuries that defendant contends was not related to the accident or that preexisted the accident resulting in this lawsuit.

This request is a continuing request. If Defendant comes into possession of the documents requested at any time before trial and after this request is made, then Defendant should produce such documents to the Plaintiff as prescribed by law. This request is made within the scope of Rule 26(b) of the Georgia Civil Practice Act (O.C.G.A. §9-11-26).

This 10th day of September, 2020.

/s/Reza Sedghi
REZA SEDGHI
Attorney for Plaintiff
State Bar No. 634077

2870 Vineville Avenue
Macon, GA  31204
(478) 741-3770 Office
(478) 741-3771 Facsimile
www.sedghilaw@gmail.com