**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TREVOR DENSLEY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:20-cv-410 (MTT)** |
| ) | |
| **BENNIE CALDWELL,** *et al.*, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff Trevor Densley filed suit in the State Court of Bibb County, alleging that Defendant Bennie Caldwell negligently backed a truck into Densley's vehicle.  Doc. 1-1 ¶¶ 1-32.  He also brought negligence claims against Defendants Rebecca Stone, who owned the truck; CS Transport, Inc., which employed Densley; and Nationwide Insurance Company of America, CS Transport's insurer.  *Id.* ¶¶ 33-48.  His complaint alleges physical and emotional injury and seeks damages for medical expenses, past and future lost wages, and pain and suffering.  *Id.* ¶¶ 52-53.  It does not allege any specific amounts of damages.

The Defendants removed the case to federal court based on diversity jurisdiction, and Densley now moves to remand.  Doc. 10.  Densley does not dispute the timeliness of removal or diversity of citizenship, but argues the Defendants cannot show the amount in controversy exceeds $75,000.  Doc. 10-1.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on a document other than the initial pleading, such as discovery responses, the defendant must file the notice of removal within thirty days of service of the document. 28 U.S.C. § 1446(c)(3)(A). "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga.) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)). The party seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). If the evidence is ambiguous, "neither the

defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id.* at 1214-15.  However, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.  Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

The complaint does not itemize damages, so the Defendants rely on additional evidence that removal is proper.  Specifically, they cite Densley's $1,000,000[1] demand letter, which itemized medical expenses at $28,972.00 as of June 10, 2020.  Doc. 11 at 2-3 (citing Doc. 1-2 at 2).  They also note that the complaint seeks "'medical expenses and lost wages, both past and future,'" implying that not only medical expenses but also lost wages had continued to accrue and would continue to accrue. *Id.* at 2 (citing Doc. 1-1 ¶ 53); *see* Doc. 1-1 ¶ 22 ("Densley has suffered and continues to suffer damages including, but not limited to, medical expenses, lost wages, personal injuries, and past, present, and future pain and suffering for which Defendant Caldwell is liable.").  Further, Densley alleges that he "in no way contributed to causing the collision or any injury to himself[.]" *Id.* ¶ 20.  As a result, the potential damages award against the Defendants is unlikely to be offset by apportionment.

Applying the Court's experience in matters of this nature, the Court finds the amount in controversy exceeds $75,000.  Accordingly, Densley's motion to remand (Doc. 10) is **DENIED**.

---

[1] The Court agrees with Densley's counsel that his million-dollar demand has more than a modicum of puffery in it, but it still, in the Court's experience, is a fair indication that his assessment of the case value exceeded $75,000.

**SO ORDERED**, this 15th day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT